# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUKE MONROE RICHARDSON, JR., | Case No. 1:14-cv-00031-SKO (PC) |
| Plaintiff, | ORDER DISMISSING FEDERAL CLAIMS FOR FAILURE TO STATE CLAIM UPON WHICH RELIEF MAY BE GRANTED, DISMISSING STATE LAW CLAIMS FOR LACK OF JURISDICTION, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| v. | |
| DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |
| | (Doc. 1) |
| | ORDER THAT DISMISSAL COUNTS AS A STRIKE UNDER 28 U.S.C. § 1915(G) |

## Screening Order

### I. Background

Plaintiff Duke Monroe Richardson, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 9, 2014. Plaintiff is currently incarcerated at Mountain Home Conservation Camp in Springville, California. He brings this suit against prison staff at Sierra Conservation Center in Jamestown, California for violating his rights with respect to the confiscation of a cell phone and the subsequent prison disciplinary proceedings, which resulted in the addition of ninety days to Plaintiff's sentence.

///

///

## II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

///
///
///

### III. Discussion

#### A. California Department of Corrections and Rehabilitation as a Defendant

As an initial matter, Plaintiff names the California Department of Corrections and Rehabilitation ("CDCR") as a defendant in this action. The Eleventh Amendment "'erects a general bar against federal lawsuits brought against the state.'" *Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (quoting *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003)). CDCR, as a state agency, has absolute immunity from suit and it is dismissed from this action, with prejudice. *E.g., Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); *Buckwalter v. Nevada Bd. of Medical Examiners*, 678 F.3d 737, 740 n.1 (9th Cir. 2012).

#### B. Fourth Amendment Claim

Plaintiff's claim arises out of the confiscation of a cell phone in the bunk area of his dorm. Plaintiff alleges the cell phone belonged to inmate Bell and he denies being in possession of it. Plaintiff was subsequently charged with a disciplinary violation for "dangerous contraband (possession of cell phone)," and found guilty of the charge. (Comp., p. 21.)

Plaintiff alleges a violation of his Fourth Amendment rights. However, an inmate has no "reasonable expectation of privacy in his prison cell entitling him to the protection of the Fourth Amendment against unreasonable searches and seizures." *Hudson v. Palmer*, 468 U.S. 517, 536 (1984). Accordingly, Plaintiff's Fourth Amendment claim fails as a matter of law and it is dismissed, with prejudice.

#### C. Sixth Amendment Claim

Plaintiff alleges his Sixth Amendment rights were violated. While the precise basis for this claim is unclear, the Sixth Amendment is meant to assure fairness in the adversary criminal process, *United States v. Danielson*, 325 F.3d 1054, 1066 (9th Cir. 2003), and it does not have any application to Plaintiff's prison disciplinary hearing for possession of a cell phone, *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.") Plaintiff's Sixth Amendment claim is dismissed, with prejudice.

### D. Ninth Amendment Claim

Plaintiff alleges a claim for relief for violation of the Ninth Amendment, which provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const., amend. IX. The Ninth Amendment does not provide a basis upon which Plaintiff may impose liability under section 1983 because it does not "independently [secure] any constitutional right. . . ." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986) (citations omitted); *Ramirez v. Butte-Silver Bow County*, 298 F.3d 1022, 1029 (9th Cir. 2002) (Ninth Amendment claim properly dismissed because plaintiff's may not "'double up' constitutional claims") *aff'd sub nom. Groh v. Ramirez*, 540 U.S. 551 (2004); *Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir. 1991) (Ninth Amendment "not interpreted as independently securing any constitutional rights for purposes of making out a constitutional claim"). Accordingly, Plaintiff's Ninth Amendment is dismissed, with prejudice.

### E. Fourteenth Amendment Due Process Claim

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Assuming the existence of a protected interest at stake, prisoners are entitled to certain minimal procedural protections in the context of prison disciplinary hearings. *Wolff*, 418 U.S. at 563-71; *Superintendent v. Hill*, 472 U.S. 445, 455-56, 105 S.Ct. 2768 (1985); *see also Castro v. Terhune*, 712 F.3d 1304, 1314 (9th Cir. 2013).

However, in this case, Plaintiff's allegations and exhibits demonstrate that he was deprived of time credits as a result of being found guilty of possessing contraband. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005). Because the punishment imposed against Plaintiff at the disciplinary hearing affects the duration of his sentence, his due process claim is barred until such time as he invalidates the result

of the disciplinary hearing. Therefore, Plaintiff's claim is dismissed, without prejudice. *Heck v. Humphrey*, 512 U.S. 477, 489, 114 S.Ct. 2364 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under section 1983 exists).

### F.  Penal Code Violations

Finally, Plaintiff alleges the violation of various state penal code sections. Given Plaintiff's failure to state any claims upon which relief may be granted under federal law, the Court lacks jurisdiction over any state law claims and they are dismissed. 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

## IV.  Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted under section 1983. The deficiencies at issue are not curable through amendment, *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000), and the Court HEREBY ORDERS as follows:

1. CDCR is dismissed as a defendant, with prejudice, based on Eleventh Amendment immunity;
2. Plaintiff's Fourth, Sixth, and Ninth Amendment claims are dismissed, with prejudice, for failure to state a claim;
3. Plaintiff's Fourteenth Amendment due process claim is dismissed, without prejudice, for failure to state a claim;
4. Plaintiff's state law claims are dismissed for lack of jurisdiction;
5. This dismissal counts as a strike under 28 U.S.C. 1915(g); and
6. The Clerk of the Court shall enter judgment.

IT IS SO ORDERED.

Dated:  **May 23, 2014**            **/s/ Sheila K. Oberto**
                                    UNITED STATES MAGISTRATE JUDGE