# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUKE MONROE RICHARDSON, JR., | Case No. 1:14-cv-00031-SKO (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (Doc. 1) |
| Defendants. | |

## I. Background

Plaintiff Duke Monroe Richardson, Jr., a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 9, 2014. Pursuant to the decision of the United States Court of Appeals for the Ninth Circuit, this case is confined to Plaintiff's claim that he was denied due process with respect to his prison disciplinary conviction for possessing contraband.[1] For the reasons that follow, the Court finds that Plaintiff's complaint fails to state a claim for violation of the Due Process Clause of the Fourteenth Amendment.

///

---

[1] Plaintiff lost time credits as a result of being found guilty of possession of contraband, and the Court dismissed his due process claim pursuant to the *Heck* rule, which requires that such challenges be raised in a petition for writ of habeas corpus or an appropriate state proceeding. *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002). While Plaintiff's appeal was pending, he was released from prison, thereby eliminating the *Heck* bar. *Nonnette*, 316 F.3d at 877.

## II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

///
///
///

## III. Discussion

### A. Summary of Allegations

Plaintiff alleges that Correctional Officers R. Worley and Conley, Correctional Sergeant D. Wine, and Correctional Lieutenant R. Bergland violated his rights under the Due Process Clause of the Fourteenth Amendment while he was incarcerated at Sierra Conservation Center in Jamestown. Plaintiff seeks monetary damages for the violation of his right to due process, which caused him to serve additional time in custody.

Plaintiff alleges that Defendant Worley issued him a Rules Violation Report ("RVR") for possession of dangerous contraband – a cell phone – even though he never possessed the phone. During the incident, Defendant Worley struggled with inmate Bell over the cell phone but she did not issue him an RVR, and she stated that inmates Jackson and Brooks also possessed the phone on the night of the incident but she did not issue RVRs to them.[2] On April 15, 2013, Defendant Worley admitted during the disciplinary hearing that she was directed to write up only Plaintiff and after the hearing, she told inmate Bell he was lucky she could not write him up. On June 8, 2013, Defendant Worley admitted to Plaintiff that she issued him an RVR "for all of the things that [he] got away with in life." (Comp., p. 5.)

Plaintiff alleges that Defendant Conley denied him an investigator despite his entitlement to one under Title 15 regulations, and during the disciplinary hearing, Defendant Bergland found that inmate Bell was the owner of the cell phone and he possessed it up until the time it was confiscated. Defendant Bergland nevertheless found Plaintiff guilty of the charge and as a result, he served an additional ninety days in custody.

### B. Due Process Claim

#### 1. Legal Standard

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). However, "[p]rison disciplinary proceedings are not part of a

---

[2] Defendant Worley testified during Plaintiff's disciplinary hearing that she was directed to charge only Plaintiff because he was the last one to possess the phone. (Comp., p. 27.)

3

criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974).  The minimum procedural requirements that must be met are:  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex.  *Wolff*, 418 U.S. at 563-71.  As long as the five minimum *Wolff* requirements are met, due process has been satisfied.  *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).

In addition, "some evidence" must support the decision of the hearing officer, *Superintendent v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985), and the evidence must have some indicia of reliability, *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987).  The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached. . . ."  *Hill*, 472 U.S. at 455-56 (emphasis added).

### 2. **Defendant Worley – False RVR**

Plaintiff alleges that Defendant Worley falsely charged him with possession of contraband. However, the issuance of a false RVR does not, in and of itself, support a claim under section 1983.  *See e.g.*, *Ellis v. Foulk*, No. 14-cv-0802 AC P, 2014 WL 4676530, at *2 (E.D.Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in *Wolff v. McDonnell*.'") (citing *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984)); *Solomon v. Meyer*, No. 11-cv-02827-JST (PR), 2014 WL 294576, at *2 (N.D.Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges.") (citing *Chavira v. Rankin*, No. C 11-5730 CW (PR), 2012 WL 5914913, at *1 (N.D.Cal. Nov. 26, 2012) ("The Constitution demands due process, not error-free decision-making.")); *Johnson v. Felker*, No. 1:12-cv-02719 GEB KJN (PC), 2013 WL 6243280, at

*6 (E.D.Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) and *Freeman v. Rideout*).  While Plaintiff may not be deprived of a protected liberty interest without the protections he is due under federal law, he was afforded the process he was due with respect to his disciplinary hearing, as discussed below.

### 3. **Defendant Wine**

Defendant Wine apparently directed Defendant Worley to write Plaintiff up because he got caught with the cell phone.  (Comp., court record p. 11.)  Also, Plaintiff takes issue with Defendant Wine's failure to have inmate Bell written up.  (*Id.*, p. 13.)  However, neither of these alleged transgressions supports a claim under section 1983, as they do not implicate any rights protected by the Due Process Clause.

### 4. **Defendant Conley - Failure to Assign Investigative Employee**

Plaintiff alleges that anyone facing a serious RVR has the right to an investigator and Defendant Conley denied him one, even though he did not waive his right to assistance.  This claim is deficient for several reasons.  First, the mere violation of state prison regulations does not equate to a violation of Plaintiff's federal due process rights, *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009); *Sweaney v. Ada Cnty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997), and second, the regulation cited belies Plaintiff's claim.  Inmates are not entitled to an investigator by virtue of being issued a serious RVR.  Cal. Code Regs., tit. 15, § 3315(d)(1)(A).  Rather, the regulation provides that *if* a prisoner is charged with a serious rules violation, the staff designated to classify it as such shall assign an investigative employee *if* he or she determines that the complexity of the issues requires further investigation, housing status makes it unlikely the inmate can collect and present evidence, or additional information is necessary for a fair hearing.  *Id.* (quotation marks omitted).  In this case, an investigative employee was not assigned because Plaintiff had the ability to collect and present evidence, the issues were not complex, and further investigation was not required. (Comp., p. 26.)

Third, and in any event, Plaintiff is entitled under the relevant federal legal standard to assistance only if he is illiterate or the issues are complex, neither of which was an issue. *Wolff*, 418 U.S. at 570.

### 5. Disciplinary Hearing Conducted by Defendant Bergland

Finally, Plaintiff may not pursue a due process claim against Defendant Bergland based on his disagreement with Bergland's finding of guilt. The record demonstrates that Defendant Bergland's decision was supported by "some evidence." *Hill*, 472 U.S. at 455-56. Even if the initial RVR was false, as Plaintiff contends, he may not parlay that into a claim he was deprived of a fair hearing by Defendant Bergland. The record does not support a claim that Plaintiff was found guilty of the charge in the absence of the minimal due process protections he was due under federal law. *Walker*, 14 F.3d at 1420. (Comp., court record pp. 21-19.) To the contrary, Defendant Bergland heard testimony from Plaintiff, inmate Bell, and Defendant Worley, and his decision was supportable.[3]  *Hill*, 472 U.S. at 455-56. Plaintiff may not seek to have the Court reexamine the record, reassess the credibility of the witnesses, or reweigh the evidence. *Id.*

## IV. Conclusion and Order

Plaintiff's complaint fails to state a claim for violation of the Due Process Clause of the Fourteenth Amendment. The Court is mindful that pro se litigants in civil rights cases should be afforded liberality with respect to amendment, but based on the deficiencies, leave to amend is not warranted; the facts of this case do not support a viable due process claim under section 1983. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

///

---

[3] Plaintiff appears to be seizing on the following language in the adjudicated RVR as evidence that he should not and could not have been found guilty of the charge: "Based upon the report, and testimony from Worley, Bell and Richardson's testimony [sic], the SHO (senior hearing office) is convinced that Bell was originally in possession of the Cell Phone and retained ownership of the phone up until the point it was confiscated." (Comp., p. 28.) However, parsing a sentence from lengthier findings does not a valid due process claim make. Based on the record, Defendant Bergland's decision was very clearly supported by "some evidence." *Hill*, 472 U.S. at 455-56 ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."). (Comp., pp. 28-29.) Specifically, Defendant Bergland stated that he was unconvinced Plaintiff did not have immediate possession of the cell phone and was not part of the "charade" to conceal the phone from Defendant Worley; and he concluded that based on the report and the testimony, Plaintiff momentarily accepted control and possession of the phone and attempted to conceal it under a pair of shorts. (Comp., p. 29.)

6

Accordingly, it is HEREBY ORDERED that:

1. This action is DISMISSED, with prejudice, for failure to state a claim under section 1983;
2. The Clerk's Office shall enter judgment; and
3. The dismissal of this action qualifies as a strike under 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: **June 4, 2015**              **/s/ Sheila K. Oberto**
                                     UNITED STATES MAGISTRATE JUDGE